**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cingular Wireless LLC and Ericsson Inc., ) | No. CV 06-1935-PHX-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Freedom Wireless, Inc., ) | |
| Defendant. ) | |

Pending before the Court are Plaintiffs' Motion to File Under Seal their Opposition to Motion to Dismiss of Freedom Wireless, Inc. (Doc. # 52) and Defendant's Motion to File Under Seal its Reply in Support of Motion to Dismiss of Freedom Wireless, Inc. (Doc. # 56).

In the Stipulated Protective Order (Doc. # 44), the Court, citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), advised the parties that nothing in the order was to be construed as automatically permitting the filing of any dispositive motion under seal without first seeking leave of court and showing compelling reasons. In determining whether compelling reasons have been shown, the Court must consider all relevant factors, including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Foltz v. State Farm Mut. Auto. Ins.*

1 *Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)); *see also Kamakana*, 447 F.3d at 1179 (stating that compelling reasons sufficient to outweigh the public's interest in disclosure exist when the documents might be used for improper purposes). After considering all relevant factors, as raised by the parties, "the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.*; *see also Kamakana*, 447 F.3d at 1178-79 (citing with approval *Foltz* and *Hagestad*).

In their motion, Plaintiffs seek to file under seal their opposition to Defendant's motion to dismiss because the opposition includes one document and portions of three depositions that Freedom Wireless, Inc. has designated as "Confidential" pursuant to the Stipulated Protective Order. Similarly, in its motion, Defendant seeks to file under seal its reply to its motion to dismiss because the reply includes four documents and portions of three depositions that have been designated as "Confidential." However, absent from both motions is any information that would enable the Court to determine whether the compelling reasons standard has been satisfied. In particular, the parties neither specifically identify the material sought to be sealed nor advise the Court how the material might be improperly used for, *inter alia*, scandalous or libelous purposes or infringement upon trade secrets. Accordingly, the Court will deny both motions for leave to file under seal.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion to File Under Seal their Opposition to Motion to Dismiss of Freedom Wireless, Inc. (Doc. # 52) is DENIED;

**IT IS FURTHER ORDERED** that Defendant's Motion to File Under Seal its Reply in Support of Motion to Dismiss of Freedom Wireless, Inc. (Doc. # 56) is DENIED;

**IT IS FURTHER ORDERED** that the Clerk of Court shall strike Plaintiffs' redacted response (Doc. # 51) and Defendant's redacted reply (Doc. # 55) and, in their stead, file the unredacted versions of Plaintiffs' Opposition to Motion to Dismiss of Freedom Wireless, Inc. and Defendant's Reply in Support of Motion to Dismiss of Freedom Wireless, Inc. lodged

1   with the Clerk of Court.

2       DATED this 7th day of May, 2007.

```
                                    James A. Teilborg
                                    United States District Judge
```